IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

STEVEN MABLE,                                   )
                                                )
            Plaintiff,                          )            2:20-CV-01771-CRE
                                                )
    vs.                                         )
                                                )
JOHN WETZEL, SECRETARY OF THE                   )
PENNSYLVANIA DEPARTMENT OF                      )
CORRECTIONS, INDIVIDUALLY AND                   )
IN HIS OFFICIAL CAPACITY; STEPHEN               )
MONIAK, SENIOR DEPUTY ATTORNEY                  )
GENERAL; AND PENNSYLVANIA                       )
OFFICE OF ATTORNEY GENERAL,                     )
                                                )
            Defendants,                         )

**MEMORANDUM OPINION**[1]

CYNTHIA REED EDDY, Chief United States Magistrate Judge.

## I.      INTRODUCTION

Plaintiff Steven Mable is an inmate in the custody of the Pennsylvania Department of Corrections ("DOC") currently confined at the State Correctional Institution at Greene ("SCI Greene") and initiated this civil rights action *pro se* against John Wetzel, the Secretary of the Pennsylvania Department of Corrections ("Secretary Wetzel"), Stephen Moniak, Senior Deputy Attorney General ("AG Moniak"), and the Pennsylvania Office of Attorney General related to his and other inmates' incarceration in solitary confinement. Defendants move to dismiss Plaintiff's complaint in its entirety. (ECF No. 60). The motion is fully briefed and ripe for consideration. (ECF Nos. 61, 63). The court has jurisdiction under 42 U.S.C. § 1331. For the reasons that follow,

---

[1]      All parties have consented to jurisdiction before a United States Magistrate Judge; therefore the Court has the authority to decide dispositive motions, and to eventually enter final judgment. *See* 28 U.S.C. § 636, *et seq*.

1

Defendants' motion to dismiss is granted.

## II.      BACKGROUND

Plaintiff initiated this action *pro se* on November 18, 2020.  The original action was brought by three Plaintiffs, but subsequently, the other two Plaintiffs Antoine Walker and Dale Wakefield voluntarily dismissed their claims in this lawsuit. (ECF Nos. 9, 10, 66, 67).  Therefore, only the remaining Plaintiff – Steven Mable – will be discussed.

Plaintiff was permitted to proceed *in forma pauperis*, and his original complaint was filed on January 19, 2021. (ECF No. 16).  After service of the complaint, Defendants moved to dismiss the complaint on May 17, 2021 (ECF No. 34).  In response, Plaintiff filed both an amended complaint and a response to the motion to dismiss which was considered by the Court as a response to the motion to dismiss. (ECF No. 40, 41).  Thereafter, Plaintiff filed a First Amended Complaint. (ECF No. 45).  Then, Plaintiff moved to again amend his complaint, which the Court granted. (ECF Nos. 51, 55).  In the Order granting leave to file a second amended complaint, the Court instructed that Plaintiff's second amended complaint

> must set forth clearly identified causes of action in separate paragraphs that both identify Plaintiff['s] legal theories, facts suggestive of the allegedly illegal conduct, and which Defendants they assert the specific cause of action against.  [Plaintiff's] second amended complaint must be one stand-alone document without reference to any other document filed in this case.

(ECF No. 55).  Plaintiff then filed the operative Second Amended Complaint on August 25, 2021. (ECF No. 56).  Because an amended pleading like Plaintiff's Second Amended Complaint "supersedes the earlier pleading and renders the original pleading[s] a nullity[,]" only the claims and parties set forth in the Second Amended Complaint will be considered.  *W. Run Student Hous. Assocs., LLC v. Huntington Nat. Bank*, 712 F.3d 165, 171 (3d Cir. 2013); 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1476 (3d ed. 2010).

Plaintiff's Second Amended Complaint, *in toto*, reads as follows:

COMES NOW, named Plaintiff[] . . . Steven Mable, individual and on behalf of all those similarly situated in indefinite and long-term solitary confinement, timely file this second amended class action complaint pursuant to Fed. R. Civ. P. 15(a)(2), (c) per Chief United States Magistrate Judge Cynthia Reed Eddy's Order filed on the 12th day of August 2021, asserting the following:

1.  Plaintiff[] assert[s] that since November 16, 2020, the date of the original pleading naming John Wetzel as the sole Defendant, the Plaintiff[] ha[s] uncovered and determined that Stephen Moniak, Senior Deputy Attorney General, and the Pennsylvania Office of Attorney General, have willfully colluded and engaged in a conspiracy with Defendant Wetzel to:
    a.  Unlawfully warehouse the Plaintiff[] in the extreme conditions of indefinite and long-term solitary confinement;
    b.  Deliberately deny constitutional rights of substantive due process and equal protections(sic) to Plaintiff[] causing irreparable harm, with impunity;
    c.  Treat Plaintiff[] indifferently, unequally, and as a separate but distinct class of individuals discriminating against Plaintiff[] due to [his] mental health disabilities in violation of the American[s] with Disabilities Act.

2.  Plaintiff[] assert[s] that the above violations and unlawful acts by Stephen Moniak and the Pennsylvania Office of Attorney General, while acting in collusion with Defendant Wetzel, are in furtherance of the BIG business of mass incarceration where they benefited and continue to benefit from the unlawful warehousing of the Plaintiff[], in light of [his] mental health exacerbating.

3.  Plaintiff[] assert[s] that Stephen Moniak and the Pennsylvania Office of Attorney General, like Defendant Wetzel, are in violation of public trust and their oath of office.  They have foregone their f[i]delity to the United States Constitution because of greed caused by the BIG business of mass incarceration.

WHEREFORE, Plaintiff[] specifically add[s] Stephen Moniak, Senior Deputy Attorney General, as a named Defendant in this class action complaint, to be sued in his individual capacity, and to be sued in his official capacity as an agent of the Pennsylvania Office of Attorney General.  Additionally, Plaintiff[] add[s] the Pennsylvania Office of Attorney General as a named Defendant to be sued in their official capacity.  Also due to the gravity of this serious matter where life and death are concerned, Plaintiffs seek the following additional relief:

(i)     Sanctions against Senior Deputy Attorney General, Stephen Moniak;
(ii)    Immediate disbarment of Stephen Moniak;

> (iii)   One Hundred Thousand dollars each year for being so unlawfully held in the extreme conditions of indefinite and long-term solitary confinement;
>
> (iv)   Immediate investigation into the Pennsylvania Office of Attorney General;
>
> (v)   Adding Stephen Moniak and the Pennsylvania Office of Attorney General as named Defendants in this class action lawsuit, as part of the caption name[;]
>
> (vi)   Expedite for immediate injunctive relief;
>
> (vii)   Expedite for immediate jury trial.

Second Am. Compl. (ECF No. 56).

Given the leniency afforded to *pro se* litigants in discerning their purported causes of action, the Court will interpret Plaintiff's Second Amended Complaint as asserting the following claims against Defendants:

(1) a Fourteenth Amendment Substantive Due Process claim pursuant to 42 U.S.C. § 1983;

(2) a Fourteenth Amendment Equal Protection claim pursuant to 42 U.S.C. § 1983;

(3) an Eighth Amendment conditions of confinement claims pursuant to 42 U.S.C. § 1983;

(4) a conspiracy to violate civil rights claim under 42 U.S.C. § 1985(3), and

(5) a Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132 claim.

The Court will also interpret Plaintiff's Second Amended Complaint as purporting to assert unspecified class claims under Federal Rule of Civil Procedure 23.

Defendants move to dismiss Plaintiff's Second Amended Complaint in its entirety under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

## III.   STANDARD OF REVIEW

A *pro se* pleading is held to a less stringent standard than more formal pleadings drafted by lawyers. *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). As a result, a *pro se* complaint under § 1983 must be construed liberally, *Hunterson v. DiSabato*, 308 F.3d 236, 243 (3d Cir.

2002), so "as to do substantial justice." *Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004) (citations omitted).  While *pro se* litigants are afforded this leniency, they "do not have a right to general legal advice from judges," and "courts need not provide substantive legal advice to *pro se* litigants" because *pro se* litigants must be treated "the same as any other litigant." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013); *U. S. ex rel. Montgomery v. Brierley*, 414 F.2d 552, 555 (3d Cir. 1969) ("petition prepared by a prisoner ... may be inartfully drawn and should be read "with a measure of tolerance")).

The applicable inquiry under Federal Rule of Civil Procedure 12(b)(6) is well settled. Under Federal Rule of Civil Procedure 8, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Rule 12(b)(6) provides that a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).  A complaint that merely alleges entitlement to relief, without alleging facts that show entitlement, must be dismissed. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009).  This "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary elements." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Bell Atlantic Corp.*, 550 U.S. at 556).  Yet the court need not accept as true "unsupported conclusions and unwarranted inferences," *Doug Grant, Inc. v. Greate Bay Casino Corp.*, 232 F.3d 173, 183–84 (3d Cir. 2000), or the plaintiff's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.*, 132

F.3d 902, 906 (3d Cir. 1997).

Although a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion, a complaint must provide more than labels and conclusions. *Bell Atlantic Corp.*, 550 U.S. at 555.  A "formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)).  "Factual allegations must be enough to raise a right to relief above the speculative level" and "sufficient to state a claim for relief that is plausible on its face." *Bell Atlantic Corp.*, 550 U.S. at 555.  Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678 (citing *Bell Atlantic Corp.*, 550 U.S. at 556).

The plausibility standard is not akin to a "probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. . . . Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Bell Atlantic Corp.*, 550 U.S. at 556) (internal citations omitted).

When considering a Fed. R. Civ. P. 12(b)(6) motion, the court's role is limited to determining whether a plaintiff has a right to offer evidence in support of his claims. *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974).  The court does not consider whether a plaintiff will ultimately prevail. *Id.*  A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

As a general rule, if a court "consider[s] matters extraneous to the pleadings" on a motion for judgment on the pleadings, the motion must be converted into one for summary judgment. *In*

*re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). Even so, a court may consider (1) exhibits attached to the complaint, (2) matters of public record, and (3) all documents integral to or explicitly relied on in the complaint, even if they are not attached , without converting the motion into one for summary judgment. *Mele v. Fed. Rsrv. Bank of New York*, 359 F.3d 251, 256 (3d Cir. 2004) n. 5 (3d Cir. 2004); *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

## IV.   DISCUSSION

Defendants provide myriad reasons for dismissal, and each will be addressed seriatim.

### a.   Class Action Claims

As a preliminary matter, Defendants argue that Plaintiff's class claims must be dismissed because *pro se* litigants may not represent the interests of a class in a class action lawsuit. (ECF No. 61 at 14).  Defendants are correct: under Federal Rule of Civil Procedure 23(a)(4), a plaintiff purporting to represent a class can only maintain a class action if he will "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4).  Courts have consistently held that *pro se* prisoners may not represent a putative class because non-attorneys cannot adequately represent a class. *Nocula v. UGS Corp.*, 520 F.3d 719, 725 (7th Cir. 2008) (citing 28 U.S.C. § 1654); *Lewis v. City of Trenton Police Dep't*, 175 F. App'x 552, 554 (3d Cir. 2006) (unpublished); *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000); *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975).  Accordingly, Plaintiff's putative class claims are dismissed with prejudice, as amended would be futile. *Phillips*, 515 F.3d at 245 (dismissal is appropriate where amendment "would be inequitable or futile.").

### b.   Title II of the ADA

Plaintiff asserts that Defendants violated the ADA when they placed him in solitary

confinement despite his mental health disability.  Defendants argue that to the extent that Plaintiff

asserts a claim under Title II of the ADA against Secretary Wetzel and AG Moniak, this claim

must be dismissed because individuals are not liable under Title II of the ADA. ECF No. 61 at 8.

> Title II of the ADA provides:

> Subject to the provisions of this subchapter, no qualified individual with a disability
> shall, by reason of such disability, be excluded from participation in or be denied
> the benefits of the services, programs, or activities of a public entity, or be subjected
> to discrimination by any such entity.

42 U.S.C. § 12132.  Therefore, to "establish a violation of Title II of the ADA, an inmate must

allege that: (1) he is a qualified individual with a disability; (2) he was either excluded from

participation in or denied the benefits of some public entity's services, programs, or activities; and

(3) such exclusion, denial of benefits, or discrimination was by reason of his disability." *Brown v.*

*Deparlos*, 492 F. App'x 211, 215 (3d Cir. 2012) (unpublished).

While Defendants argue that it is settled that individual liability does not extend to claims

under Title II of the ADA and cites to *Emerson v. Thiel Coll.*, 296 F.3d 184, 189 (3d Cir. 2002)

for that proposition, the United States Court of Appeals for the Third Circuit, following its decision

in *Emerson*, indicated that the Court of Appeals "has yet to [definitively] address individual

liability under Title II of the ADA." *Brown*, 492 F. App'x at 215 n. 2.  While courts have

consistently interpreted Title II as not recognizing individual liability against a public agency's

employees or agents for damages, *Bowens v. Wetzel*, 674 F. App'x 133, 136 (3d Cir. 2017)

(requiring that a defendant meet the statutory definition of "public entity" to state a claim under

Title II), courts have also recognized claims made against a public agency's employee or agent for

injunctive relief and claims made against those parties in their official capacities. *Snider v.*

*Pennsylvania DOC*, 505 F. Supp. 3d 360, 406 (M.D. Pa. 2020) (dismissing Title II claims against

individual defendants but allowing Title II claims against public entities to proceed); *Heffley v.*

*Steele*, No. 2:17-CV-01624, 2019 WL 5092127, at *6 (W.D. Pa. Oct. 11, 2019), *aff'd*, 826 Fed. Appx. 227 (3d Cir. 2020) (unpublished) (dismissing Title II claims made against individuals in their individual capacity but indicating claims for prospective injunctive relief against individuals in their official capacities could survive dismissal); *Davis v. City of Philadelphia*, No. CV 18-0668, 2019 WL 175097, at *3 (E.D. Pa. Jan. 11, 2019) (declining to dismiss Title II claim because plaintiff sought prospective injunctive relief against defendants in their official capacity); *Anderson v. Bickell*, No. 3:CV-14-1792, 2017 WL 777879, at *12 (M.D. Pa. Feb. 28, 2017) (same); *Gallagher v. Allegheny Cnty.*, No. CIV.A. 09-103, 2011 WL 284128, at *7 (W.D. Pa. Jan. 25, 2011) (permitting Title II claims against county employee made in official capacity as against the county itself). *See also Koslow v. Commonwealth of Pennsylvania*, 302 F.3d 161, 179 (3d Cir. 2002) ("federal ADA claims for prospective injunctive relief against state officials are authorized by the Ex parte Young doctrine[,]" and allowing federal ADA claims against individuals in their official capacity for prospective injunctive relief ).

Notwithstanding whether Plaintiff can assert official or individual capacity claims against AG Moniak and Secretary Wetzel, Plaintiff has failed to adequately allege facts that support an inference that a Title II violation under the ADA occurred.[2]  The Court will assume for purposes of this motion that Plaintiff was a qualified individual with a disability due to his unspecified mental health disability.  The Court will also assume that by being placed in solitary confinement that Plaintiff was excluded from participating in or denied in the benefits of unspecified prison services, programs or activities.  However, Plaintiff's Second Amended Complaint offers no facts supporting an inference that he was placed in solitary confinement "by reason of" his mental health

---

[2]      28 U.S.C.A. § 1915(e)(2)(B)(ii) ("the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted[.]").

disability.  Further, Plaintiff's Second Amended Complaint does not include any facts suggesting that AG Moniak, Secretary Wetzel, or the Pennsylvania Office of Attorney General engaged in any conduct that resulted in his placement in solitary confinement. *Palakovic v. Wetzel*, No. CIV.A. 3:14-145, 2015 WL 3937499, at *10 (W.D. Pa. June 26, 2015), *vacated on other grounds*, 854 F.3d 209 (3d Cir. 2017) (dismissing prisoner's Title II claim for failing to allege sufficient plausible facts that a prisoner with serious mental illness placed in restricted housing was "excluded from participation in a service, program, or activity of the prison by reason of his disability in violation of Title II of the ADA" and for failing to allege sufficient plausible facts that his "placement in the [Restricted Housing Unit] was in any way related to his disability.").

The Court need not accept unsupported legal conclusions, for instance, that Defendants "discriminat[ed] against Plaintiff[] due to [his] mental health disabilities in violation of the American[s] with Disabilities Act[,]" Second Am. Compl. ECF No. 56 at ¶ 1(c), and Plaintiff has offered no facts to support such an inference. *Morse*, 132 F.3d at 906.  Accordingly, Plaintiff's ADA claim is dismissed with prejudice, as amendment would be futile as Plaintiff has twice amended his complaint and it would be inequitable to force Defendants to file a third round of motions to dismiss. *Phillips*, 515 F.3d at 245 (dismissal is appropriate where amendment "would be inequitable or futile."); *Jones v. Unknown D.O.C. Bus Driver & Transportation Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (finding amendment would be futile where *pro se* plaintiff previously amended his complaint and was afforded "two chances to tell his story").

c.   Plaintiff's Civil Rights Claims under 42 U.S.C. §§ 1983, 1985

Plaintiff asserts Fourteenth Amendment Substantive Due Process and Equal Protection claims under section 1983, an Eighth Amendment conditions of confinement claim under section 1983 and a conspiracy to violate civil rights claim under section 1985(3) against Defendants in

connection with his placement in solitary confinement despite his unspecified mental health disabilities.

### i. Eleventh Amendment Immunity

Defendants argue that the Pennsylvania Office of Attorney General is immune from Plaintiff's section 1983 claims under the Eleventh Amendment. ECF No. 61 at 9.

The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity commenced or prosecuted against any one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI.

The Eleventh Amendment bars suits against a state in federal court and this immunity extends to a state's agencies, instrumentalities or arms of the state. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984); *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280, 97 S. Ct. 568, 50 L. Ed. 2d 471 (1977). "Unless a State has waived its Eleventh Amendment immunity or Congress has overridden it ... a State cannot be sued directly in its own name regardless of the relief sought." *Kentucky v. Graham*, 473 U.S. 159, 167, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985) n. 14 (1985) (citing *Alabama v. Pugh*, 438 U.S. 781, 98 S. Ct. 3057, 57 L. Ed. 2d 1114 (1978)).   There are exceptions to Eleventh Amendment immunity, such as when a state waives its immunity and consents to suit in federal court, or where Congress has specifically abrogated the state's Eleventh Amendment immunity in legislation or a particular statute. *See Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670, 119 S. Ct. 2219, 144 L. Ed. 2d 605 (1999).  No such exceptions to immunity apply. The Commonwealth of Pennsylvania has not consented to suit in federal court, *see* 42 Pa. Cons. Stat. § 8521(b), and Congress has not abrogated the States' immunity from section 1983 claims. *Quern*

*v. Jordan*, 440 U.S. 332, 345, 99 S. Ct. 1139, 59 L. Ed. 2d 358 (1979).  A state agency's immunity also extends to individual defendants sued in their official capacities because "a section 1983 action against a state official in his official capacity is not a suit against the person but is a suit against itself and as such, the action is barred by the Eleventh Amendment." *Braun v. State Corr. Inst. at Somerset*, No. CIV. A. 09-83J, 2010 WL 10398, at *5–6 (W.D. Pa. Jan. 4, 2010).

The Pennsylvania Office of Attorney General is an agency or arm of the Commonwealth of Pennsylvania and is immune from suit in federal court under the Eleventh Amendment. *Himmelreich v. United States*, No. CV 05-6158, 2009 WL 10715755, at *2 (E.D. Pa. Feb. 19, 2009) (finding that the Pennsylvania Office of Attorney General was immune from suit under the Eleventh Amendment).  Further, the Pennsylvania Office of Attorney General is not a "person" against whom a civil rights action may be brought under sections 1983 or 1985.  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989).  Likewise, as Plaintiff's official capacity claims against AG Moniak and Secretary Wetzel are considered suits against the state itself, they are immune from suit under the Eleventh Amendment.  Accordingly, Plaintiff's section 1983 and section 1985 claims against the Pennsylvania Office of Attorney General are dismissed with prejudice as amendment would be futile.  Likewise, to the extent that Plaintiff alleges these claims against AG Moniak and Secretary Wetzel in their official capacities, those claims are also dismissed with prejudice as amendment would be futile. *Phillips*, 515 F.3d at 245.

### ii.  Personal Involvement of Attorney Moniak

"A plaintiff raising a claim under Section 1983 must allege a violation of a right secured by the Constitution or the laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Wilkins v. Berks Cnty. Jail Sys.*, No.

CV 15-5448, 2017 WL 2591943, at *4 (E.D. Pa. June 14, 2017). To establish personal liability against a defendant in a section 1983 action, the defendant must have personal involvement in the alleged wrongs. That is, the state actor must have played an affirmative part in the alleged misconduct to be subject to liability. *Rizzo v. Goode*, 423 U.S. 362, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976); *Chavarriaga v. New Jersey Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

Here, Plaintiff has not pleaded sufficient facts alleging that AG Moniak had any personal involvement in allegedly violating his constitutional rights. Plaintiff only offers boilerplate legal conclusions to support his assertion that AG Moniak "conspired" and "colluded" with Secretary Wetzel to house Plaintiff in solitary confinement.[3] This is insufficient to allege personal involvement and accordingly, Plaintiff's claims against AG Moniak under section 1983 and section 1985 are dismissed with prejudice as amendment would be futile. *Phillips*, 515 F.3d at 245.

### iii.  Personal Involvement of Secretary Wetzel

As for Secretary Wetzel, there are "two general ways" in which a supervisor-defendant may be liable for civil rights violations: (1) where the supervisor established a policy, custom or practice that caused the harm; or (2) where the supervisor personally participated in the constitutional violation. The United States Court of Appeals for the Third Circuit has explained these two general types of supervisory liability as follows: First, liability may attach if the supervisor, "with deliberate indifference to the consequences, established and maintained a policy,

---

[3]  Of note: Attorney Moniak was the original counsel of record for Defendants in this case, and Plaintiff added Attorney Moniak as a party in his Second Amended Complaint. Plaintiff seems to suggest that Attorney Moniak violated his civil rights by virtue of his legal representation in the instant lawsuit.

practice or custom which directly caused [the] constitutional harm." *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juv. Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original) (quoting *Stoneking v. Bradford Area Sch. Dist.*, 882 F.2d 720, 725 (3d Cir. 1989)). Second, "a supervisor may be personally liable under [section] 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced" in the subordinate's unconstitutional conduct. *Id.* (citing *Baker v. Monroe Twp.*, 50 F.3d 1186, 1190–91 (3d Cir. 1995)). "Failure to" claims—failure to train, failure to discipline, or failure to supervise – are generally considered a subcategory of policy or practice liability. *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316–19 (3d Cir. 2014), *reversed on other grounds by Taylor v. Barkes*, 575 U.S. 822 (2015).

Plaintiff's Second Amended Complaint is entirely void of any allegations that Secretary Wetzel "established and maintained a policy, practice, or custom" which resulted in Plaintiff's constitutional rights allegedly being violated or that he directly participated in allegedly violating Plaintiff's rights, directed others to violated them, or "as the person in charge, had knowledge of and acquiesced" in any of the conduct that resulted in Plaintiff's constitutional rights allegedly being violated. Instead, Plaintiff relies on boilerplate legal conclusions and formulaic recitations of the elements of a cause of action, which are not sufficient to survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The only facts that the Court can glean from Plaintiff's complaint is that he was housed in solitary confinement and suffers unspecified mental health disabilities. He does not attribute any personal involvement of Secretary Wetzel in any alleged violation of his constitutional rights. Accordingly, Plaintiff's claims against Secretary Wetzel under section 1983 and section 1985 are dismissed with prejudice as amendment would be futile. *Phillips*, 515 F.3d at 245.

14

## V.     CONCLUSION

Based on the foregoing, Defendants' motion to dismiss ECF No. 60 is granted, and Plaintiff's complaint is dismissed with prejudice.  An appropriate Order follows.


Dated: May 23, 2022.                                     By the Court,
                                                         s/ Cynthia Reed Eddy
                                                         Cynthia Reed Eddy
                                                         Chief United States Magistrate Judge